# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **GREGORY C. STRINGHAM, #35306,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0727-M** |
| | ) | |
| **ATTORNEY GENERAL OF TEXAS,** | ) | |
| **et al.,** | ) | |
| **Defendants.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type of Case</u>:  This is an action brought by a county inmate pursuant to 42 U.S.C. § 1983.

<u>Parties</u>:  Plaintiff is presently confined at the Parker County Jail in Weatherford, Texas. Defendants are the Texas Attorney General, the "Texas Optonetry [sic] Board," the 372nd District Court in Fort Worth, Texas, the Tarrant County Probation Office, the Tarrant County District Attorney's Office, the Parker County Criminal Court, the Parker County Prosecutors Office, the Parker County Probation Office, the Parker County Jail, the Parker County Jails Medical Department, the Medical Department at the Tarrant County Jail, Parker County Appointed Counsel Bradford, Dallas retained Counsel John Nation, and Fort Worth retained Counsel David Richards.

The Court has neither issued process nor determined whether Plaintiff should proceed *in forma pauperis*.[1]

Findings and Conclusions:  28 U.S.C. § 1391(b), which governs venue of a federal cause of action, provides in pertinent part as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial  district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The events giving rise to Plaintiff's cause of action occurred in Parker and Tarrant Counties, and primarily involve employees of or criminal proceedings pending in both counties.

The city of Fort Worth lies in Tarrant County, which is located within the Northern District of Texas, Fort Worth Division.  See 28 U.S.C. § 124(a)(2).  The city of Weatherford lies in Parker County, which is also located within the Fort Worth Division.  Id.  Because Plaintiff's claims arise out of events that occurred primarily in Parker and Tarrant Counties, the Court has the authority to transfer this case for the convenience of the parties and witnesses, and in the interest of justice, to the Fort Worth Division.

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404.  Under this statute the court may transfer a case upon a motion or *sua sponte*.  Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989).  "Decisions to effect § 1404 transfers are committed to the sound discretion of the transferring judge . . . ."

---

[1] Plaintiff has not submitted a motion for leave to proceed *in forma pauperis*.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be transferred to the Fort Worth Division of the Northern District of Texas.

The Clerk will mail a copy of this recommendation to Plaintiff and will forward the court's copy file to the Fort Worth Division.

Signed this 4th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.